# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | : | **CIVIL ACTION** |
| *Plaintiff* | : | **NO. 16-5773** |
| | : | |
| v. | : | |
| | : | |
| **CHRISTOPHER K. SCHRICHTE,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                FEBRUARY 28, 2023

## MEMORANDUM OPINION

**INTRODUCTION**

The Securities and Exchange Commission (the "SEC") commenced this action against Defendants Christopher K. Schrichte ("Defendant Schrichte"), Howard C. Hill, Newmarket Global Management I, LLC, and Newmarket Technology Fund I, LLC, (collectively, "Defendants") on November 7, 2016. In the complaint, the SEC asserts that Defendants engaged in various violations of, *inter alia*, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, when they looted money from the NewMarket Technology Fund I, LLC (the "Fund"), to the detriment of the Fund's investors. On August 5, 2019, the SEC filed the underlying motion for default pursuant to Federal Rule of Civil Procedure ("Rule") 37(b) against Defendants on the basis that Defendants had repeatedly failed to discharge their discovery obligations and comply with this Court's Orders granting the SEC's motions to compel discovery. [ECF 67]. After approving several stipulated extensions, this Court set December 16, 2019, as the deadline for Defendants to respond to the SEC's underlying motion for default. [ECF 71]. Defendants did not respond as directed.

As outlined below, years of settlement discussions occurred before and after the SEC filed the underlying motion for default. Those discussions have broken down without an agreement. The SEC has now renewed its motion for default against *only* Defendant Schrichte.[1] Having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), this Court finds that an entry of default against Defendant Schrichte is appropriate.

**BACKGROUND**

This matter has a protracted procedural history. After the pleadings closed, an initial scheduling order was issued on August 9, 2017, setting January 19, 2018, as the close of discovery. [ECF 27]. Four months later, on December 13, 2017, the parties filed a joint motion and stipulation to amend the scheduling order. [ECF 29]. In the joint motion, the parties advised that they had "agreed to focus their time and effort on settlement negotiations . . . [and] discussed and understood that the case schedule would need to be adjusted in the event the parties were unable to settle the matter . . . ." [*Id.*]. In response, a revised scheduling order was issued setting June 15, 2018, as the close of discovery. [ECF 31]. At that same time, in response to the parties' request, the matter was referred to a Magistrate Judge for a settlement conference. [ECF 33]. The parties participated in multiple settlement conferences with the Magistrate Judge.

On June 6, 2018, the parties filed a joint motion and stipulation in which they requested that the matter be placed in civil suspense to allow them to "finalize, document, and obtain approval of" a resolution that was in its "final stages." [ECF 41]. The parties' motion was granted.

---

[1]  The SEC's motion for default was originally filed against all Defendants. After filing the motion, the SEC agreed to various extensions, but those agreements did not apply to Defendant Howard C. Hill. By Order of February 19, 2020, this Court directed the Clerk of Court to enter a default against *only* Defendant Howard C. Hill. [ECF 76]. The SEC currently seeks an entry of default against only Defendant Schrichte. Notably, the SEC seeks only an entry of default, not a default judgment.

[ECF 42].  The parties engaged in additional settlement conferences with the Magistrate Judge.  By status report filed on July 31, 2018, the parties advised that they needed additional time for their ongoing settlement discussions.  [ECF 49].  This request was granted, and the parties engaged in additional settlement negotiations with the Magistrate Judge.

As a result of a breakdown in the settlement discussions, on September 14, 2018, the SEC filed a motion to reopen the case and set revised case deadlines.  [ECF 57].  The Court reactivated the case and issued a revised scheduling order, setting April 19, 2019, as the close of discovery.  [ECF 58].

On February 27, 2019, the SEC filed its first motion to compel responses to discovery.  [ECF 61].  In the motion, the SEC represented that it had served discovery requests on October 22, 2018, and despite being providing an extension, Defendants had not served any written responses.  By Order dated February 28, 2019, this Court granted the SEC's motion to compel and ordered Defendants to respond to the outstanding discovery requests within fourteen days.  [ECF 62].  As a result of Defendants' failure to timely discharge their discovery obligation, the SEC moved for an extension to the case deadlines.  [ECF 63].  The Court issued a revised scheduling order setting August 9, 2019, as the close of discovery.  [ECF 64].

On June 10, 2019, the SEC filed its second motion to compel responses to discovery.  [ECF 65].  In the motion, the SEC represented that as of that date, Defendants had not produced a single document in response to any of the SEC's discovery requests.  Defendants did not file a response.  By Order dated June 28, 2019, this Court ordered Defendants to produce responses to the interrogatories and documents sought in the SEC's discovery requests within fourteen days.  [ECF 66].

Despite receiving an extension to comply with the Court's June 28, 2019 Order, Defendants again did not produce the requisite documents or interrogatory responses. Defendants' continued failure to participate in discovery prompted the SEC to file the underlying motion for default on August 5, 2019. [ECF 67]. On October 31, 2019, following multiple agreed-to extensions, this Court approved the parties' stipulation setting December 16, 2019, as the date by which Defendants were required to file their response to the underlying motion for default. [ECF 71]. In that Order, the Court warned: "No further continuances and/or extensions will be granted." [*Id.*]. Defendants did not file a response to the motion for default by the December 16, 2019 deadline.

On January 8, 2020, Defendants provided the SEC with signed settlement papers. Two days later, the SEC filed a motion to stay the case to allow the parties to finalize the settlement, a process that would require, *inter alia*, Defendants' production of financial information and the Commission's final approval. [ECF 74]. This Court stayed the matter and directed the SEC to provide status reports. [ECF 75]. Over the next thirty-three months, the SEC provided status reports, advising that the parties were progressing towards final resolution. On October 17, 2022, the SEC advised that the parties' settlement discussions had come to an end without a final agreement and requested that the stay be lifted. [ECF 105]. By Order dated November 29, 2022, this Court lifted the stay and directed the parties to provide a proposed briefing schedule with respect to the SEC's outstanding motion for default. [ECF 107]. In response, the parties agreed that Defendant Schrichte's response to the motion for default would be due on January 20, 2023, and the SEC's reply would be due on February 17, 2023. [ECF 108]. The parties filed their respective briefs.

**LEGAL STANDARD**

Pursuant to Rule 37, district courts may enter a default judgment against a party for failure to comply with the court's discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi).[2] Rule 55 also provides district courts with the authority to enter a default judgment against a party that "has failed to . . . defend" the action. *See* Fed. R. Civ. P. 55. Entry of a default judgment under Rule 55 is not limited to situations where a party fails to respond to a complaint but also includes situations where a party fails to comply with the court's orders. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918–19 (3d Cir. 1992).

Recognizing that the entry of a default judgment is a "drastic sanction," in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit (the "Third Circuit") instructed district courts to apply a six-factor balancing test to determine whether the entry of a default judgment is appropriate. *See Harris v. City of Phila.*, 74 F.3d 1311, 1330 n.18 (3d Cir. 1995) (describing Third Circuit's analysis in *Poulis*). These so-called *Poulis* factors govern the entry of a default judgment as a sanction under both Rule 37(b)(2) and Rule 55(b). *See Hoxworth*, 980 F.2d at 919; *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 (3d Cir. 1990).

The *Poulis* factors require district courts to consider:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than default; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. However, not all of the factors need to weigh in favor of entering default judgment against a

---

[2] As noted above, the SEC only seeks an entry of default, not a default judgment. Despite this distinction, the parties both rely on cases addressing the entry of a default judgment. Because there does not appear to be any difference in the analysis for such a sanction under Rule 37, this Court will also rely on the default judgment caselaw.

5

defendant or need to be satisfied.  *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal).  The decision to enter a default judgment is within the district court's discretion.  *Poulis*, 747 F.2d at 868.

**DISCUSSION**

It is within this Court's discretion to grant the SEC's motion should the review and balancing of the *Poulis* factors warrant such a ruling.  Therefore, this Court will briefly highlight each factor to determine whether the request for entry of a default should be granted.

*1. Extent of Defendant Schrichte's Responsibility*

As outlined in the SEC's motion and reflected in the docket, Defendant Schrichte has proceeded through the various phases of this litigation with and without counsel.  At the time the SEC filed its two motions to compel discovery and the underlying motion for default, Defendant Schrichte was unrepresented.  Likewise, Defendant Schrichte was unrepresented when this Court issued its orders granting the SEC's two motions to compel and when it set December 16, 2019, as the deadline for Defendant Schrichte's response to the underlying motion for default.  Because Defendant Schrichte was proceeding *pro se* at the times he failed to comply with this Court's Orders, he alone is responsible for his failure to comply.  *See Briscoe*, 538 F.3d at 258 ("the District Court is correct in stating that a *pro se* plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders.").  Defendant Schrichte's failures to discharge his discovery obligations and to comply with this Court's orders cannot be attributed to any counsel or other party.  Thus, this factor weighs in favor of the entry of default.

## 2. *Prejudice to Plaintiff*

The Third Circuit has held that "[e]vidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Id.* at 259 (citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* (citation omitted). Prejudice is not limited to "irremediable" or "irreparable" harm but also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Id.* (citations omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." *Id.*; *see also Poulis*, 747 F.2d at 868 (finding that the defendants were prejudiced where the plaintiffs did not answer interrogatories, the defendants had to file a motion to compel the plaintiffs' answers, and the defendants had "to file its pre-trial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first"); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 220–23 (3d Cir. 2003) (affirming the district court's conclusion that a defendant had been prejudiced where the plaintiff repeatedly ignored the defendant's discovery request for the plaintiff's computation of damages and did not provide it until one week prior to trial).

Here, despite the passage of years, Defendant Schrichte has failed to respond to the SEC's discovery requests and this Court's Orders directing him to produce discovery. In failing to provide discovery, Defendant Schrichte has deprived the SEC of evidence potentially necessary to prove its case. These failures have also forced the SEC to expend otherwise unnecessary time and money to prepare and file the aforementioned discovery motions and the underlying motion for default. Under the circumstances, this factor weighs in favor of the entry of default.

### 3. *Defendant Schrichte's History of Dilatoriness*

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260 (citations omitted). Defendant Schrichte's dilatory conduct is outlined above. This conduct is evidenced not only by his failure to comply with this Court's Orders directing him to produce substantive discovery responses but also by his failure to timely respond to the SEC's underlying motion for default as directed by the Court. This factor also weighs in favor of the entry of default.

### 4. *Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Defendant Schrichte's repeated failure to comply with this Court's Orders and, in particular, his continued failure to produce discovery in response to this Court's February 28, 2019 and June 28, 2019 Orders compelling him to do so, supports a finding of his willfulness. This factor weighs in favor of the entry of default.

### 5. *Effectiveness of Sanctions Other Than Entry of Default*

Defendant Schrichte's repeated failures to comply with multiple court orders have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. As is apparent from the procedural history of this case, Defendant Schrichte has simply ignored the previous orders compelling him to produce discovery. To this day, Defendant Schrichte has not complied with any of this Court's discovery orders. Defendant

Schrichte's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of the entry of default.

### 6. Meritoriousness of Defendant Schrichte's Defense

Though Defendant Schrichte filed an answer to the SEC's complaint, the answer provides little more than denials of the SEC's allegations and, therefore, does not provide a clear and dispositive defense to the SEC's claims. In *Hoxworth*, the Third Circuit declined to require district courts to hold mini trials on the merits of the litigants' claims and/or defenses before entering default judgment. 980 F.2d at 922. Because this Court is unable to fully weigh the merits, if any, of Defendant Schrichte's defenses, this final factor slightly weighs in favor of the entry of default or can be considered a neutral factor.

## CONCLUSION

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors, individually and collectively, weigh in favor of the entry of default. As such, the Clerk of Court is directed to enter default Defendant Schrichte. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.