# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** : | CIVIL ACTION |
| *Plaintiff* : | NO. 16-5773 |
| : | |
| **v.** : | |
| : | |
| **CHRISTOPHER K. SCHRICHTE**, *et al.* : | |
| *Defendants* : | |

# ORDER

**AND NOW**, this 28th day of February 2025, upon consideration of Plaintiff Securities and Exchange Commission's *motion for entry of default judgments against Defendants*, (ECF 131), Defendant Christopher K. Schrichte's response in opposition, (ECF 134), and Plaintiff's reply, (ECF 135), it is hereby **ORDERED** that the motion for default judgment is **GRANTED**.[1]

---

[1] As set forth in this Court's Memorandum Opinion of February 28, 2023, this matter has a protracted procedural history, which included a significant period of time during which the matter was stayed at the parties' requests. (*See* ECF 113). Following those delays, Plaintiff Securities and Exchange Commission (the "SEC" or "Plaintiff") eventually sought the entry of default (but not default judgment) against Defendants Christopher K. Schrichte ("Schrichte"), Howard C. Hill ("Hill"), NewMarket Global Management I, LLC, and NewMarket Technology Fund I, LLC (collectively, "NewMarket" and with Schrichte and Hill, "Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 37(b), premised on Defendants' failure to discharge their discovery obligations and to comply with this Court's previous Orders granting the SEC's motions to compel discovery. (ECF 67). After this Court entered a stay and approved several stipulated extensions, the parties agreed to a briefing schedule on Plaintiff's outstanding motion for entry of default. Notably, Hill never responded to the motion in any way. As a result, this Court directed the entry of default against Hill. (*See* ECF 76). Plaintiff and Schrichte filed briefs in support of their respective positions.

In his response to the SEC's motion for default, Schrichte recognized application of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), and argued that these factors weighed against an entry of default. (*See* ECF 110, at pp. 15–18). The *Poulis* factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than default; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. By Memorandum Opinion dated February 28, 2023, this Court considered each of the *Poulis* factors and determined that they weighed in favor of an entry of default against Schrichte. (ECF 113). By subsequent Order, this Court, for the same reasons, entered default against NewMarket. (ECF 122).

Accordingly, a default judgment will be entered against Defendants following a hearing on damages and civil penalties. Said hearing will be scheduled by separate order.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Schrichte and NewMarket then each filed a motion to set aside the defaults pursuant to Rule 55(c). (ECF 116, 128). Rule 55(c) provides that a court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In exercising its discretion to grant or deny a motion to set aside a default, a district court must consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted). Notably, these factors for setting aside a default overlap with the *Poulis* factors that this Court had previously considered when it granted the SEC's motion for the entry of default against Schrichte and NewMarket. *See Poulis*, 747 F.2d at 868. Considering the three factors set forth in *U.S. Currency*, this Court found that they, individually and collectively, weighed against setting aside the defaults. As such, the motions to set aside the defaults were denied. (ECF 124, 130).

Plaintiff now seeks the entry of default judgment against Defendants. (ECF 131). Notably, only Schrichte has filed an opposition. (ECF 134). As the parties appear to recognize, however, the requirements for the entry of default judgment are the same as those the parties relied upon when addressing the entry of default. Indeed, this Court noted as much in its previous Memorandum Opinion. (*See* ECF, at p. 5 n.2) ("As noted, the SEC only seeks an entry of default, not a default judgment. Despite this distinction, the parties both rely on cases addressing the entry of default judgment. Because there does not appear to be any difference in the analysis for such a sanction under Rule 37, this Court will also rely on the default judgment caselaw."). As such, for the same reasons set forth in this Court's February 28, 2023 Memorandum Opinion, (ECF 113), and this Court's Orders of May 18, 2023, (ECF 124), and February 6, 2024, (ECF 130), both the *Poulis* factors and the *U.S. Currency* factors weigh in favor of the entry of default judgment against Defendants. Accordingly, Plaintiff's motion for default judgment is granted.

Notwithstanding this grant of default judgment, this Court's review of the parties' filings reveals some disputes as to the proper amount of damages and civil penalties. As such, this Court will schedule a hearing pursuant to Rule 55(c)(2) for the purpose of determining the amount of damages and civil penalties to be assessed.